IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTONIO GIBSON §<br>　Plaintiff §<br>§<br>VS. §<br>§<br>U.S. BANK TRUST NATIONAL §<br>ASSOCIATION, NOT IN ITS INDIVIDUAL §<br>CAPACITY BUT SOLELY AS TRUSTEE OF §<br>LSF9 MASTER PARTICIPATION TRUST §<br>　Defendant §<br>§ | C.A. NO. 3:21-cv-2210-G |

# **DEFENDANT'S ORIGINAL COUNTERCLAIMS**

Defendant, U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee of LSF9 Master Participation Trust ("**Defendant**", "**Trustee**" or "**Counterclaimant**") files this its Original Counterclaims complaining of Plaintiff/Counter-Defendant, Antonio Gibson ("**Borrower**" or "**Counter-Defendant**"), and for cause of action would respectfully show unto the Court as follows:

## **PARTIES**

1.　Defendant/Counterclaimant has made an appearance herein.

2.　Borrower/Counter-Defendant is an individual residing in Dallas County, Texas and have made an appearance herein and will therefore be served via his counsel of record.

## **JURISDICTION AND VENUE**

3.　This Court has personal jurisdiction over all of the parties and subject matter and jurisdiction over the following causes of action. As established in Defendant's Notice of Removal, the Court has diversity jurisdiction over this controversy under 28 U.S.C. § 1332. Venue is proper because this action concerns a suit on real property located in Dallas County, Texas and Borrower is domiciled in Dallas County, Texas.

**FACTS**

4. Borrower initiated this lawsuit for the sole purpose of delaying foreclosure even after an expedited order authorizing foreclosure was entered in a prior proceeding filed in state court.

5. Borrower is past due for the January 1, 2017 mortgage payment and all subsequent payments due under the subject loan even after at least two prior loan modification agreements designed to allow him the opportunity to remain in the collateral.

6. This lawsuit had the effect of abating the enforcement of the prior expedited foreclosure order obtained pursuant to Rule 736 of the Texas Rules of Civil Procedure as would any future lawsuits filed by Borrower.[1]  Defendant therefore seeks a judgment authorizing foreclosure from this Court in order to avoid additional lawsuits and delays caused by any future lawsuits filed by Borrower designed to stall foreclosure on a loan with significant loan defaults.

7. The property which is the subject of this lawsuit is described by its physical address of 2842 Singletree Cove, Cedar Hill, Texas 75014 (the "**Property**").

8. On or about July 14, 2006, Borrower executed a Texas Home Equity Note (Fixed Rate-First Lien) (the "**Note**") made payable to original lender H & R Block Mortgage Corporation and its assigns.  In the Note, Borrower promised to pay the principal amount of $376,000.00, plus interest as set forth in the Note.

9. The indebtedness was secured by a Texas Home Equity Security Instrument ("**Deed of Trust**") executed by Borrower and dated July 14, 2006, establishing a first lien on the Property. The Deed of Trust is recorded in the real property records of Dallas County, Texas as Instrument No. 200600287844.

---

[1] See Tex. R. Civ. Pro. 736.11.

20170194.20210566/4214326.1

10. On or about July 14, 2006 Borrower signed a Texas Home Equity Affidavit and Agreement.

11. Through one or more mortgage assignments recorded in the real property records of Dallas County, Texas the Deed of Trust was assigned to Defendant and Defendant is the current mortgagee under the subject loan.

12. Defendant is also the owner and holder of the Note.

13. On or about January 16, 2014, while the payment obligations were in default, Borrower executed a Loan Modification Agreement.

14. On or about December 31, 2015, while the payment obligations were in default, Borrower executed another Modification Agreement.

15. The Note, Deed of Trust and modification agreements, if any, are collectively referred to as the "**Loan**".

16. Defendant is the current owner and holder of the subject note, the current mortgagee for the subject loan and is legally authorized to enforce same.

17. Fay Servicing, LLC ("**Fay**") is the current duly authorized mortgage servicer for the subject loan for Defendant.

18. Neither Borrower, nor anyone on his behalf has paid the installment payment due under the Loan for January 1, 2017, and all installments due under the Loan after that date.

19. Accordingly, Borrower has defaulted on his payment obligations under the Note and Deed of Trust and remain in default. *Id.* Pursuant to the terms and conditions of the Note and at the election of the payee, the entire unpaid principal balance and interest on the Note was to become payable and immediately due at the lender's option on default.

20. Among other prior notices of default, on September 20, 2016, while the Loan was in default, notice of default and intent to accelerate was sent via certified mail to Borrower at his

last known address according to the records of Defendant in accordance with section 51.002(d) of the Texas Property Code.

21. Borrower failed to cure the default. The maturity date of the Note has been legally accelerated and/or is hereby accelerated by the filing of this action, thus making all unpaid principal and accrued interest due and payable.

22. Defendant has complied with all conditions precedent to the relief sought herein, including all required notices of default and acceleration.

23. Borrower remains in default under the terms of the Note and Deed of Trust and despite demand has refused to cure such defaults or to pay the accelerated balance due under the Loan.

24. Defendant files this action seeking an order authorizing foreclosure and declaration of its right to conduct a non-judicial foreclosure sale and is entitled to a judgment authorizing a foreclosure sale to be conducted under the terms of the Security Instrument, Texas Property Code §51.002 and applicable law as well as a declaration of its right to foreclose on the Property.

## CAUSES OF ACTION

**A.     Declaratory Relief/Judgment Authorizing Foreclosure.**

25. The foregoing paragraphs are incorporated herein by reference for all purposes.

26. Trustee seeks a judgment which includes an order authorizing foreclosure under the Security Instrument and Texas Property Code §51.002 and applicable law and declaratory relief specifying Trustee's right to conduct a foreclosure sale in accordance with the terms of the Security Instrument and Property Code.

27. Defendant has at all times complied with its contractual obligations under the Note and Deed of Trust. Borrower has breached his contractual obligations by defaulting on his contractual payment obligations under the Note and Deed of Trust.

28.   The Deed of Trust permits Trustee to foreclose on the Property should there be an event of default on the Note.  Pursuant to the terms and conditions of the Note and at the election of the payee, the entire unpaid principal balance and interest on the Note was to become payable and immediately due at the lender's option on default.

29.   Accordingly, Trustee seeks judgment in its favor including an order authorizing foreclosure in accordance with the Deed of Trust and Texas Property Code section 51.002, or alternatively.

30.   Trustee has been forced to hire the undersigned attorneys to purse this claim and is therefore entitled to and seeks judgment against Borrower for its reasonable attorney fees in this action, both through trial and in the event of a subsequent appeal, as provided under the terms of the Loan and by statute.  TEX. CIV. PRAC. & REM. ANN. § 38.001(8).  Trustee seeks an award of attorney's fees as a further obligation on the Note and not as a money judgment against Borrowers personally.

## CONDITIONS PRECEDENT

31.   The foregoing paragraphs are incorporated herein by reference for all purposes.

32.   All conditions precedent have been performed or have occurred.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant/Trustee prays that it recover judgment against Borrower for the following:

    a.   Borrower take nothing by reason of the claims as alleged by him;

    b.   The Court declare the following: that Trustee's lien against the Property shall be enforced by a judgment authorizing foreclosure under the Deed of Trust's power-of-sale provision i.e. that Defendant be awarded a judgment authorizing it to conduct a non-judicial foreclosure sale of the Property

5

   pursuant to the terms and conditions of the Security Instrument and in accordance with TEX. PROP CODE §51.002 and TEX. CONST. Art. XVI §50 (a)(6);

c.   Award Defendant its attorney's fees and costs of suit; and

d.   For all such other just and proper relief to which Defendant may be entitled.

      Respectfully submitted,

     By: /s/ Michael F. Hord Jr.
      Michael F. Hord Jr.
      State Bar No. 00784294
      Federal I.D. No. 16035
      Eric C. Mettenbrink
      State Bar No. 24043819
      Federal I.D. No. 569887
      HIRSCH & WESTHEIMER, P.C.
      1415 Louisiana, 36th Floor
      Houston, Texas 77002-2772
      713-220-9182 Telephone
      713-223-9319 Facsimile
      E-mail: mhord@hirschwest.com
      Email: emettenbrink@hirschwest.com

     **ATTORNEYS FOR DEFENDANT/ COUNTERCLAIMANT**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 29th day of October, 2021, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in accordance with **Federal Rule of Civil Procedure 5(b)** as follows:

John G. Helstowski
J. Gannon Helstowski Law Firm
5209 Heritage Avenue, Suite 510
Colleyville, Texas 76034
**Via ECF**

<u>/s/ Michael F. Hord Jr.</u>
Michael F. Hord Jr.