IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO GIBSON | § | |
|   Plaintiff | § | |
| | § | |
| VS. | § | C.A. NO. 3:21-cv-2210-G-BT |
| | § | |
| U.S. BANK TRUST NATIONAL | § | |
| ASSOCIATION, NOT IN ITS INDIVIDUAL | § | |
| CAPACITY BUT SOLELY AS TRUSTEE OF | § | |
| LSF9 MASTER PARTICIPATION TRUST | § | |
|   Defendant | § | |
| | § | |

## <u>DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>

Respectfully submitted,

By: <u>/s/ Michael F. Hord Jr.</u>
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas 77002-2772
    713-220-9182 Telephone
    713-223-9319 Facsimile
    Email: mhord@hirschwest.com
    Email: emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT/ COUNTERCLAIMANT**

## TABLE OF CONTENTS

SUMMARY OF GROUNDS ................................................................................. 1

LIVE PLEADINGS ........................................................................................... 3

NATURE AND STAGE OF PROCEEDING ........................................................ 3

FACTUAL BACKGROUND ............................................................................... 4

SUMMARY JUDGMENT EVIDENCE ................................................................ 6

DISCUSSION ................................................................................................... 7

    A.   Standards for Motion for Summary Judgment................................................ 7

    B.   Plaintiff's Breach of Contract Claim Fails..................................................... 9

    C.   Plaintiff's Fraud Claim Fails..................................................................... 10

    D.   Plaintiff's Regulation X/RESPA Claims Fail. ............................................. 13

    E.   Plaintiff's TDCA Claims Fail. .................................................................. 16

    F.   Plaintiff Cannot Prove Damages Under Any Theory Alleged........................... 19

    G.   Plaintiff's Claim for Injunctive Relief Fails. ............................................... 19

    H.   Defendant is Entitled to Judgment Authorizing Foreclosure and a Declaration of its Right to Same........................................................................ 20

CONCLUSION .............................................................................................. 22

20170194.20210566/4400181.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alcala v. Deutsche Bank Nat'l Tr. Co. for Long Beach Mortg. Loan, Tr. 2006-5*
  684 F. App'x 436 (5th Cir. 2017) ................................................................. 21

*Allen v. Wells Fargo Bank, N.A.*,
  No. 3:16-CV-0249-D, 2017 WL 3421067 (N.D. Tex. August 9, 2017) .................................. 15

*Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*,
  343 F.3d 401 (5th Cir. 2003) ....................................................................... 8

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ................................................................................ 8

*Austin v. Bank of New York Mellon as Tr. for CWABS, Inc.*
*Asset Backed Certificates, Series 2003-BC4*,
  No. 4:19-CV-00457-O-BP, 2020 WL 806953 (N.D. Tex. Feb. 3, 2020) ................................. 16

*Austin v. Countrywide Homes Loans*,
  261 S.W.3d 68 (Tex. App.–Houston [1st Dist.] 2008, no pet.) ................................... 21

*Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*,
  289 F.3d 373 (5th Cir. 2002) ....................................................................... 7

*Benchmark Elecs., Inc. v. J.M. Huber Corp.*,
  343 F.3d 719 (5th Cir. 2003) ...................................................................... 11

*Bobbitt v. Wells Fargo Bank, N.A.*,
  No. H-14-387, 2015 WL 12777378 (S.D. Tex. May 7, 2015) ........................................ 15

*Boudreaux v. Swift Transp. Co.*,
  402 F.3d 536 (5th Cir. 2005) ....................................................................... 7

*Burney v. Citigroup Glob. Mkts. Realty Corp.*,
  244 S.W.3d 900 (Tex. App.–Dallas 2008, no pet.) .............................................. 21

*Butnaru v. Ford Motor Co.*,
  84 S.W.3d 198 (Tex. 2002) ........................................................................ 19

*Byrd v. Lakeview Loan Servicing, L.L.C.*,
  855 F. App'x. 187 (5th Cir. 2021) ............................................................. 17

ii

*Celotex Corp. v. Catrett,*
   477 U.S. 317 (1986) ................................................................................................ 7

*Christiana Trust v. Riddle,*
   911 F.3d 799 (5th Cir. 2018) ............................................................................... 14

*City of Clinton, Ark. v. Pilgrim's Pride Corp.,*
   632 F.3d 148 (5th Cir. 2010) ............................................................................... 11

*Clark v. Bank of America NA, Civ. Action No.,*
   2012 WL 4793465 (N.D. Tex. Aug. 1, 2012) ..................................................... 12

*Collins v. Allied Pharmacy Mgmt., Inc.,*
   871 S.W.2d 929 (Tex. App.–Houston [14th Dist.] 1994) ................................... 13

*DeFranchech* v. *Wells Fargo Bank, N.A.,*
   837 F. Supp. 2d 616 (N.D. Tex. 2011) ............................................................... 12

*Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,*
   530 F.3d 395 (5th Cir. 2008) ................................................................................. 8

*Deutsche Bank Nat. Trust Co. v. Ra Surasak Ketmayura,*
   No. A-14-CV-00931-LY-ML, 2015 WL 3899050 (W.D. Tex. June 11, 2015) ....... 20

*Diamond Offshore Co. v. A&B Builders, Inc.,*
   302 F.3d 531 (5th Cir. 2002) ................................................................................. 8

*DIRECT TV Inc. v. Robson,*
   420 F.3d 532 (5th Cir. 2006) ................................................................................. 8

*Douglas v. NCNB Texas Nat. Bank,*
   979 F.2d 1128 (5th Cir. 1992) ............................................................................. 20

*DSC Commc'ns Corp. v. DGI Techs., Inc.,*
   81 F.3d 597 (5th Cir. 1996) ................................................................................. 19

*Duffy v. Leading Edge Products, Inc.,*
   44 F.3d 308 (5th Cir. 1995) ................................................................................... 7

*Farshchi v. Wells Fargo Bank, N.A.,*
   No. CV H-15-1692, 2016 WL 2858903 (S.D. Tex. May 13, 2016) ....................... 12

*Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.,*
   960 S.W.2d 41 (Tex. 1998) .................................................................................. 11

*Frank v. OneWest Bank, FSB,*
   No. 4:12CV424, 2014 WL 12564092 (E.D. Tex. Aug. 15, 2014) ......................... 21

iii

*Gates v. Carrington Mortgage Services*,
  No. 3:21-cv-508-E-BN, 2021 WL 5569751 (N.D. Tex. Nov. 10, 2021) .................................. 18

*Germain v. U.S. Bank National Association*,
  No. 03:15-CV-1694-M(BT), 2018 WL 1517860 (N.D. Tex. March 28, 2018) ...................... 15

*Gresham v. Wells Fargo Bank, N.A.*,
  642 F. App'x 355 (5th Cir. 2016) ..................................... 15

*Guajardo v. JP Morgan Chase Bank, N.A.*,
  605 F. App'x 240 (5th Cir. 2015) ..................................... 11, 12

*Haase v. Glazner*,
  62 S.W.3d 795 (Tex. 2001) ..................................... 12

*Higginbotham v. IndyMac Bank, F.S.B*,
  No. 4:17-CV-00229, 2017 WL 2691241 (E.D. Tex. June 1, 2017) ......................................... 15

*Hill v. Wells Fargo Bank, N.A.*,
  2012 WL 2065377 (S.D. Tex. June 6, 2012)................................................. 19

*Holloway v. Wells Fargo Bank, N.A.*,
  2013 WL 1187156 (N.D. Tex. Feb. 26, 2013) ..................................... 19

*Hunter-Reed v. City of Houston*,
  244 F.Supp.2d 733 (S.D. Tex. 2003)..................................... 9

*Huston v. U.S. Bank Nat. Ass'n*,
  988 F. Supp. 2d 732 (S.D. Tex. 2013)..................................... 21

*In re Hinsley*,
  201 F.3d 638 (5th Cir. 2000) ..................................... 9

*Jackson v. Fed. Home Loan Mortg. Corp.*,
  No. 4:11-CV-507-A, 2011 WL 3874860 (N.D. Tex. Sept. 1, 2011)......................................... 19

*James v. Wells Fargo Bank, N.A.*,
  533 Fed. Appx. 444 (5th Cir. 2013) ..................................... 10

*Kaechler v. Bank of Am.*,
  No. H–12–423, 2013 WL 127555 (S. D. Tex. Jan .9, 2013).................................... 10

*Khoung v. Wilmington Sav. Fund So*c'y, FSB,
  No. 417CV00494ALMCAN, 2018 WL 4608603 (E.D. Tex. Sept. 7, 2018)........................... 21

*Kiper v. BAC Home Loans Servicing, LP*,
    884 F. Supp.2d 561 (S.D. Tex. 2012) ................................................................... 10

*Ledezma v. Wells Fargo Bank*,
    No. H-13-1806, 2014 WL 6674285 (S.D. Tex. Nov. 24, 2014) ............................ 10

*Lincoln Gen. Ins. Co. v. Reyna*,
    401 F.3d 347 (5th Cir. 2005) ................................................................................. 7

*Little v. Liquid Air Corp.*,
    37 F.3d 1069 (5th Cir. 1994) ............................................................................. 7, 8

*Littlefield v. Forney Indep. Sch. Dist.*,
    268 F.3d 275 (5th Cir. 2001) ................................................................................. 8

*Love v. Nat'l Medical Enterprises*,
    230 F.3d 765 (5th Cir. 2000) ................................................................................. 9

*Lujan v. Nat'l Wildlife Fed'n*,
    497 U.S. 871 (1990) ................................................................................................ 8

*Martins v. BAC Home Loans Servicing, L.P.*,
    722 F.3d 249 (5th Cir. 2013) ............................................................................... 10

*McClure v. Duggan*,
    674 F.Supp. 211 (N.D. Tex.1987) ...................................................................... 13

*Moe v. Option One Mortgage Corp.*,
    No. 14–07–00550–CV, 2009 WL 136892
    (Tex. App.–Houston [14th Dist.] 2009, no pet.) ................................................. 10

*Obazee v. The Bank of New York Mellon*,
    2015 WL 4602971 (N.D. Tex. July 31, 2015) ..................................................... 14

*O'Neill v. CitiMortgage, Inc.*,
    No. 413-CV-656-O, 2014 WL 1199338 (N.D. Tex. Mar. 24, 2014) ..................... 17

*Puig v. Citibank, N.A.*,
    No. 3:11-CV-0270-L, 2012 WL 1835721 (N.D. Tex. May 21, 2012) ..................... 19

*Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*,
    336 F.3d 410 (5th Cir. 2003) ................................................................................. 8

*Reed v. JPMorgan Chase Bank, Nat'l Ass'n*,
    No. 4:16-CV-017-A, 2016 WL 1029542 (N.D. Tex. Mar. 8, 2016) ....................... 15

20170194.20210566/4400181.1

*Richardson v. Deutsche Bank Nat'l Trust Co.*,
  No. 4:11-CV-0180, 2011 WL 5994317 (N. D. Tex. Nov.28, 2011) .......................................... 16

*Rucker v. Bank of America, N.A.*,
  806 F.3d 828 (5th Cir. 2015) ................................................................. 17

*Sgroe v. Wells Fargo Bank, N.A.*,
  941 F.Supp.2d 731 (E.D.Tex.2013) .............................................................. 16

*Skotak v. Tenneco Resins, Inc.*,
  953 F.2d 909 (5th Cir. 1992) .................................................................... 7

*Smith Int'l, Inc. v. Egle Group, LLC*,
  490 F.3d 380 (5th Cir. 2007) .................................................................... 9

*Southwestern Bell Telephone Co. v. DeLanney*,
  809 S.W.2d 493 (Tex. 1991) .................................................................... 12

*Sweet v. Wachovia Bank and Trust Company*,
  No. 3:03–CV–1212–R, 2004 WL 1238180 (N.D. Tex. Feb. 26, 2004) ................................... 17

*Tamez v. Manthey*,
  589 F.3d 764 (5th Cir. 2009) .................................................................... 8

*Thompson v. Bank of America, N.A.*,
  783 F.3d 1022 (5th Cir. 2015) .................................................................. 18

*Traynor v. Chase Home Finance, LLC*,
  No. 3:11–cv–800–K, 2013 WL 704932 (N.D. Tex. Feb. 27, 2013).......................................... 12

*Turner v. CitiFinancial Servicing, LLC*,
  No. 1:16-CV-156, 2017 WL 2544492, at *8 (E.D. Tex. May 18, 2017) ................................... 20

*Weaver v. CCA Indus., Inc.*,
  529 F.3d 335 (5th Cir. 2008) .................................................................... 7

*Wenztell v. JPMorgan Chase Bank Nat'l Ass'n*,
  627 Fed. Appx. 314 (5th Cir. Oct. 2, 2015)......................................................... 15

*Whittier v. Ocwen Loan Servicing, LLC*,
  594 F. App'x 833 (5th Cir. 2014)................................................................. 15

*Williams v. WMX Techs.*,
  112 F.3d 175 (5th Cir. 1997) .................................................................... 11

**Statutes**

Tex. Bus. & Com. Code Ann. § 26.02(a)(2) ................................................................. 10

Tex. Const. art. XVI, § 50a(6) ................................................................................. 20

Tex. Fin. Code § 292 ............................................................................................... 17

Tex. Fin. Code § 392.301 ................................................................................... 16, 17

Tex. Fin. Code § 392.304 ....................................................................................... 16

Tex. Prop. Code § 51.002 ................................................................................... 20, 21

**Rules**

Fed. R. Civ. P. 9(b) ............................................................................................ 2, 11

Fed. R. Civ. P. 56(c) ............................................................................................... 7

Fed. R. Civ. P. 56(e) ............................................................................................... 9

Tex. R. Civ. P. 735.3 .............................................................................................. 20

Tex. R. Civ. P. 736 ............................................................................................. 20, 21

**Regulations**

12 CFR § 1024.41 ............................................................................................. *passim*

20170194.20210566/4400181.1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO GIBSON | § | |
|   Plaintiff | § | |
| | § | |
| VS. | § | C.A. NO. 3:21-cv-2210-G-BT |
| | § | |
| U.S. BANK TRUST NATIONAL | § | |
| ASSOCIATION, NOT IN ITS INDIVIDUAL | § | |
| CAPACITY BUT SOLELY AS TRUSTEE OF | § | |
| LSF9 MASTER PARTICIPATION TRUST | § | |
|   Defendant | § | |
| | § | |

## **DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee of LSF9 Master Participation Trust ("**Trustee**" or "**Defendant**") files this Motion for Summary Judgment on all claims of Plaintiff, Antonio Gibson ("**Plaintiff**" or the "**Borrower**") and on Defendant's Counterclaims seeking judgment authorizing foreclosure and would respectfully show unto the Court as follows:

## **SUMMARY OF GROUNDS**

1. Defendant moves for summary judgment on all claims of Plaintiff and on Defendant's claim for judgment authorizing and declaring Defendant's right to foreclosure based on the following grounds:

    a. **Breach of Contract** – Plaintiff's breach of contract claim fails because there is no evidence of any breach by Defendant and no evidence of damages. Additionally, any contract claims by Plaintiff, if any, based on alleged representations or promises outside the written loan documents are also precluded by the statute of frauds and because there is no consideration for any alleged promises outside of the written terms of the contract;

b. **Fraud** – Plaintiff's fraud claims fail because his pleadings do not comply with Rule 9(b), because the claims are otherwise precluded by the statute of frauds and the economic loss rule, and because there is no evidence sufficient to support the essential elements of material misrepresentation, causation. or damages;

c. **Violations of Regulation X and Regulation Z/ RESPA**- Plaintiff's Regulation X claims fail since Regulation X does not apply to Trustee because it was not and is not the mortgage servicer under the Loan.   Plaintiff's claims also fail because he has received no less than two prior loan modifications agreements, which preclude the application of Regulation X of RESPA to any recent alleged loss mitigation application and separately because Plaintiff cannot establish that he submitted a complete loss mitigation application more than 37 days prior to an attempted foreclosure sale. Plaintiff's RESPA claim also fails because there are no damages from any alleged violation of Regulation X of RESPA.

d. **TDCA** - Plaintiff's claims for violations of the Texas Debt Collection Practices Act ("TDCA") fail because there is no evidence of a violation and no evidence of damages from any alleged violation.

e. **Damage** - There is no evidence of damages to support any claim by Plaintiff as he continues to reside in the collateral while making no payments.

f. **Defendant's Counterclaims for Judgment Authorizing Foreclosure** - There is no fact issue regarding the essential elements and Defendant will establish below regarding its right to a declaration and judgment of its right to foreclosure.  More specifically Defendant establishes that the debt exists, default by Borrower, notice of default, acceleration, and non-payment by Borrower.

## LIVE PLEADINGS

2.      Plaintiff's live pleading is Plaintiff's Original Petition (the "**Complaint**") as removed to this Court where it exists as Dkt. No. 1-4.  Defendant's live pleadings are Defendant's Answer where it exists as Dkt. No. 1-5 and Defendant's Counterclaims which exists as Dkt. No. 13.

3.      Defendant seeks judgment dismissing all claims of Plaintiff and seeks judgment authorizing Defendant to foreclose on the subject property based on the undisputed mortgage defaults on a first lien Texas Home Equity Loan provided to Plaintiff.

## NATURE AND STAGE OF PROCEEDING

4.      This matter involves a first lien Texas Home Equity Loan provided to Plaintiff that is past due for the January 1, 2017 payment and all subsequent payments.  Plaintiff filed this action on September 1, 2021 in state court to delay foreclosure by Defendant.[1]

5.      Defendant filed an answer in state court and then removed the case to this Court based on both federal question and diversity jurisdiction on September 16, 2021.[2]  Defendant filed its Answer in state court[3] and its Counterclaims in this Court on November 2, 2021 after obtaining leave of Court.[4]

6.      Plaintiff's Complaint includes attempted causes of action for breach of contract, common law fraud, violations of Regulation X of the Real Estate Settlement Procedures Act ("RESPA"), and violations of the "Texas Debt Collections Act.  Plaintiff's claims fail based on the standards applicable to summary judgment.  Defendant will also establish herein the evidence necessary to establish its right to judgment authorizing foreclosure on the real property at issue as

---

[1]     See Original Petition (the "Complaint") at Clerk's File at Doc. No. 1-4.
[2]     See Notice of Removal, Clerk's File at Dkt. 1.
[3]     See Dkt. 1-5.
[4]     See Dkt. 13.

sought via its counterclaims. As will be shown, Plaintiff's claims fail and Defendant is entitled to judgment authorizing foreclosure of its lien under the standards applicable to summary judgment.

## **FACTUAL BACKGROUND**

7.      On or about July 14, 2006, Plaintiff executed a Texas Home Equity Note (the "**Note**") made payable to H & R Block Mortgage Corporation and its assigns.  In the Note, Plaintiff promised to pay the principal amount of $376,000.00, plus interest as set forth in the Note.   See Appx. p.1 and 5.

8.      The indebtedness was secured by a Texas Home Equity Security Instrument ("**Deed of Trust**") executed by Plaintiff dated July 14, 2006, establishing a first lien on proper located at 2842 Singletree Cove, Cedar Hill, Texas 75104 (the "**Property**").  The Deed of Trust is recorded in the real property records of Dallas County, Texas as Instrument No. 200600287844.  See Exhibit Appx., p. 2, 10.  The Note, Deed of Trust and modification agreements, if any, are collectively referred to as the "**Loan**".

9.      On or about July 14, 2006, Plaintiff executed a Texas Home Equity Affidavit and Agreement.  See Appx. p. 33.

10.      Through one or more assignments recorded in the real property records of Dallas County, Texas, the Deed of Trust was ultimately assigned to Defendant.  See Exhibit 1-D, Appx., p. 40-44.

11.      Defendant is the current owner and holder of the subject note, the current mortgagee for the subject loan and is legally authorized to enforce same.  See Appx. pp.1-2, 5-9, 40-44.

12.      On or about January 16, 2014, while the payment obligations under the Note were in default, Plaintiff executed a Loan Modification Agreement.  See Appx. p.45.

13.     On or about December 31, 2015, while the payment obligations under the Note were again in default, Plaintiff executed a second Loan Modification Agreement.  See Exhibit 1-F, Appx. p.60.

14.     Neither Plaintiff, nor anyone on his behalf has paid the installment payment due under the Loan for January 1, 2017, and all installments due under the Loan after that date.  See Appx. p. 2.

15.     Accordingly, Plaintiff has defaulted on his payment obligations under the Note and Deed of Trust and remains in default.  Pursuant to the terms and conditions of the Note and at the election of the payee, the entire unpaid principal balance and interest on the Note was to become payable and immediately due at the lender's option on default.   See Appx. p.6.

16.     Among other notices of default, on September 20, 2016, while the Loan was in default, notice of default and intent to accelerate was sent via certified mail to Borrower at his last known address according to the records of Defendant.  See Appx. p. 2 and 66.

17.     Following that date, on the loan obligations were accelerated by the filing of an Expedited Order Under Rule 736 on a Home Equity Loan on January 22, 2019.  See Appx. p. 76.  If necessary, the payments obligations were otherwise accelerated by the filing of the counterclaims in this action seeking judgment authorizing foreclosure.  See Dkt. 13.

18.     On May 25, 2022, while this litigation was pending and Borrower remained in default, and to resolve any doubt as to whether notice of default and intent to accelerate was legally provided, Notice of Default was sent to Borrower and his counsel at the addresses included therein, including the last known address according to the records of Defendant.  See Appx. p. 3 and 80.

19.     On July 29, 2022, while this litigation was pending and Borrower remained in default on his contractual payment obligations, Notice of Acceleration was sent to Borrower and

20170194.20210566/4400181.1

his counsel at the addresses included therein, including the last known address according to the records of Defendant.  See Appx. p. 3 and 83.

20.      Defendant has complied with all conditions precedent to the relief sought herein, including all required notices.  See Appx. at p. 3, 80 and 83.

21.    The accelerated balance due under the Loan good through September 28, 2022 is $587,582.25.  Per diem interest continues to accrue after September 28, 2022 at a rate of $46.98 per day.  See Appx. p.3 and 86.

22.    Fay Servicing, LLC ("**Fay**") is the current duly authorized mortgage servicer for the subject loan.  See Appx. p.1.

23.    Plaintiff remains in default under the terms of the Note and Deed of Trust and despite demand has refused to cure such defaults or to pay the accelerated balance due under the Loan.  Appx. p.3.

24.    Borrower is not in the military or active duty in any branch of the military.  See Appx. p.89.

## SUMMARY JUDGMENT EVIDENCE

25.    The Appendix in Support of Defendant's Motion for Summary Judgment contains the following evidence which is attached hereto and incorporated herein by reference.

Exhibit "1"    Declaration of Michael Paterno of Fay and Exhibits thereto which include the following:

1-A    Promissory Note dated July 14, 2006 (Appx. p.5)

1-B    Deed of Trust dated July 14, 2006 (Appx. p.10)

1-C    Texas Home Equity Affidavit and Agreement dated July 14, 2006 (Appx. p. 33)

1-D    Assignments to Defendant (Appx. p. 40)

1-E    2014 Loan Modification Agreement (Appx. p. 45)

| | |
|---|---|
| 1-F | 2015 Loan Modification Agreement (Appx. p. 60) |
| 1-G | Notice of Default dated September 20, 2016 (Appx. p. 66) |
| 1-H | 2019 Application for Rule 736 Application filed in state court. (Appx. p. 76) |
| 1-I | Notice of Default dated May 25, 2022 (Appx. p. 80) |
| 1-J | Notice of Acceleration dated July 29, 2022 (Appx. p. 83) |
| 1-K | Payoff Statement (Appx. p. 86) |
| Exhibit "2" | Non-Military Affidavit (Appx. p. 89) |

## DISCUSSION

**A.    Standards for Motion for Summary Judgment.**

26.    Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.[5]   Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[6]

27.    For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."[7]   The moving party, however, need not negate the elements of the non-movant's case.[8]   The

---

[5]    *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

[6]    Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

[7]    *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

[8]    *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).

7

moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case."[9]

28.     If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.[10]  "An issue is material if its resolution could affect the outcome of the action.  A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[11]

29.     In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party.[12]  A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant.[13]  The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.[14]  Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden.[15] Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case."[16]  In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts.[17]

30.     The Court is not required to accept the non-movant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by

---

[9]     *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992)).

[10]    *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).

[11]    *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

[12]    *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

[13]    *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[14]    *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002).

[15]    *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).

[16]    *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted).

[17]    *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

8

a mere scintilla of evidence.[18]   Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence.[19]   A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary.[20]

### B.   Plaintiff's Breach of Contract Claim Fails.

31.     Plaintiff's breach of contract claim is predicated upon an allegation that Defendant breached the Deed of Trust by failing to provide Notice of Default and an Opportunity to Cure thirty days before accelerating the Loan and posting the property for foreclosure.   See Complaint at ¶¶ 47-48.   To the contrary, the summary judgment evidence establishes that that on September 20, 2016, while Plaintiff was in default on his contractual payment obligations under the Loan, written notice of default and intent to accelerate was sent to Plaintiff via certified mail at his last known address according to the records of the lender.   See Appx. at p.2 and 66.   Additionally, to resolve any doubt, Defendant sent a subsequent Notice of Default during this litigation to Borrower and his counsel on May 25, 2022.   See Appx. p. 3 and 80.

32.     A breach of contract claim under Texas law requires: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[21]

---

[18]   *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413).
[19]   *See* Fed. R. Civ. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F.Supp.2d 733, 745 (S.D. Tex. 2003).
[20]   *See In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000) ("A party's self-serving and unsupported claim that she lacked the requisite intent is not sufficient to defeat summary judgment where the evidence otherwise supports a finding of fraud.").
[21]   *See Smith Int'l, Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir. 2007).

33.     Plaintiff has not and cannot truthfully allege that he has complied with the terms of the contractual loan agreement that forms the basis of his claims and any contract claim fails on that basis alone.[22]

34.     Further, Plaintiff has not and cannot prove any breach of an actual written contract, or that he has been damaged by any act or omission of Defendant as he continues to reside in the subject collateral while making no loan payments and thus his contract claim fails for this additional reason.

35.     Further, to the extent Plaintiff is attempting to establish some unspecified contract based on oral representations, such claims are precluded by the statute of frauds.[23]

36.     Further, any contract claim based on alleged promises by Defendant to delay foreclosure, if any, while expressly denied by Defendant, cannot otherwise form the basis of a breach of contract claim because Plaintiff cannot come forward with evidence of consideration for any such alleged oral contract.[24]   For these multiple and alternative reasons, Plaintiff's breach of contract claim fails.

**C.     Plaintiff's Fraud Claim Fails.**

37.     Plaintiff does not dispute that he is in default on his payment obligations, but alleges that some unspecified person on an unspecified date promised to provide him yet another loan modification agreement.  See Complaint at ¶51.  Plaintiff conveniently omits the who, what, or

---

[22]   *See Ledezma v. Wells Fargo Bank*, No. H-13-1806, 2014 WL 6674285 at *4 (S.D. Tex. Nov. 24, 2014) citing *Moe v. Option One Mortgage Corp.,* No. 14–07–00550–CV, 2009 WL 136892, at *3 (Tex. App.–Houston [14th Dist.] 2009, no pet); *Kaechler v. Bank of Am.,* No. H–12–423, 2013 WL 127555, at *3 (S. D. Tex. Jan .9, 2013).

[23]   *See* Tex. Bus. & Com. Code Ann. § 26.02(a)(2) (requiring a writing for loan agreements involving loans of $50,000 or more); *see also Martins v. BAC Home Loans Servicing,* L.P., 722 F.3d 249, 256 (5th Cir. 2013) (holding that the statute of frauds applies to oral modifications to loan agreements); *Kiper v. BAC Home Loans Servicing, LP,* 884 F.Supp.2d 561, 571 (S.D. Tex. 2012).

[24]   *James v. Wells Fargo Bank, N.A.*, 533 Fed.Appx. 444, 446–47 (5th Cir. 2013) (per curiam).

when from his fraud allegations, and such claims fail based on Rule 9(b) as well as the lack of evidence necessary to support the essential elements of a fraud claim.

38.     Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity.[25]  "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[26]  "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim.[27]  Plaintiff has wholly failed to include any of this required information in their Complaint in order to provide Defendant notice of his fraud claims and his fraud claims should be dismissed on that basis alone.

39.     Additionally, the pleading defect cannot be cured because there is no set of facts on which Plaintiff could prevail on his fraud claim. A claim for fraud requires: (1) a material misrepresentation, which was false, (2) that was either known to be false when made or was asserted without knowledge of its truth, (3) which was intended to be acted upon, (4) which was relied upon, and (5) which caused injury.[28] A promise of future performance constitutes an actionable misrepresentation only if the promise was made with no intention of performing at the time it was made.[29]

40.     Although Plaintiff's allegations are vague, unsubstantiated and categorically denied by Defendant, even if they were true and supported by competent evidence, they would not constitute an actionable fraud claim.   For example, Plaintiff purportedly claims that he was

---

[25]   See Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.,* 632 F.3d 148, 153 (5th Cir. 2010).
[26]   *Williams v. WMX Techs.,* 112 F.3d 175, 177 (5th Cir. 1997).
[27]   *Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003).
[28]   *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.,* 960 S.W.2d 41, 47 (Tex. 1998).
[29]   *Id.* at 48;  *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 246 (5th Cir. 2015) (promises of future conduct can support a fraud claim " 'only when made with the intention, design and purpose of deceiving").

promised another loan modification agreement. See Complaint at ¶51. Although no such evidence exists, even if it did, the issue of whether the loan was modified would be governed by the rights and obligations under the terms of the subject contracts, namely the Note and Deed of Trust. Plaintiff's allegations relating to the status of the Loan similarly fail due to the lack of evidence supporting the essential elements of a fraud claim. For example, any claims relating to the "status" of the loan relate to the terms of the written contract and are governed by the written terms of the contract per the economic loss rule. [30]

41.     Neither Plaintiff's allegations, nor any evidence that he could potentially present could otherwise establish a legally viable fraud claim. Plaintiff can present no evidence of any actionable misrepresentation by Defendant that was known to be false when made or made without knowledge of its truth, that Defendant intended for him to act on, or that he relied on and caused their injury. Any alleged promises by Defendant relating to loss mitigation or a loan modification, which are expressly denied, cannot otherwise support a fraud claim since they necessarily would have related to an alleged promise of a future act and Plaintiff cannot present evidence that Defendant made promises of future conduct with the intention, design and purpose of deceiving Plaintiff.[31]

42.     Further, any potential fraud claims by Plaintiff based on any oral representations would fail based on the statute of frauds. Under Texas law, application of the statute of frauds bars a fraud claim to the extent that the plaintiff seeks to recover as damages the benefit of a bargain that cannot otherwise be enforced because it fails to comply with the statute of frauds.[32]

---

[30]     *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 625-26 (N.D. Tex. 2011); *Farshchi v. Wells Fargo Bank, N.A.,* No. CV H-15-1692, 2016 WL 2858903, at *7 (S.D. Tex. May 13, 2016); *Clark v. Bank of America NA*, Civ. Action No., 2012 WL 4793465, at *5 (N.D. Tex. Aug. 1, 2012) (citing *Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991)) (recovery in tort precluded for allegations relating to a party's failure to perform under a contract).
[31]     See *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x at 246.
[32]     *See Haase v. Glazner,* 62 S.W.3d 795, 799 (Tex. 2001).

Application of the statute of frauds to a contract vitiates a fraud claim based on the same facts.[33]  If the alleged fraudulent representations were purely promissory, a tort claim is barred by the statute of frauds; if the representations were factual, the plaintiff may seek recovery under a tort theory where evidence supports such a claim.[34]  Here, Plaintiff's attempted fraud claims, while based on general allegations that fail to satisfy Rule 9(b), also would fail even if they were based on actual representations made by Defendant to Plaintiff because they are promissory in nature or relate to the terms of the contract itself.

43.     Finally, Plaintiff's fraud claim fails because Plaintiff can present no evidence of damages for any such claim as he continues to reside in the subject collateral while making no loan payments of any kind.  Accordingly, Plaintiff's fraud claim fails based on the pleadings, and any pleading amendment would be futile for the multiple and alternative reasons above, including the lack of any evidence of the essential elements of fraud.  For these multiple and alternative reasons, Plaintiff's fraud claim fails as a matter of law.

### D.     Plaintiff's Regulation X/RESPA Claims Fail.

44.     Although it is unclear which provision of the Real Estate Settlement Procedures Act ("RESPA") Plaintiff contends was violated, he is purportedly claiming that Defendant violated provisions relating to a mortgage servicer's duties to review loss mitigation applications.  See Complaint at ¶¶ 51-52.  Plaintiff's RESPA claim purportedly refers to 12 CFR § 1024.41 ("Regulation X" of RESPA) which relates to certain qualifying loss mitigation or loan modification requests made by a borrower to a mortgage servicer.

---

[33]   *See Traynor v. Chase Home Finance, LLC,* No. 3:11–cv–800–K, 2013 WL 704932, at *3 (N.D. Tex. Feb. 27, 2013) (citing *Collins v. Allied Pharmacy Mgmt., Inc.,* 871 S.W.2d 929, 936 (Tex. App.–Houston [14th Dist.] 1994)).

[34]   *See McClure v. Duggan,* 674 F. Supp. 211, 221 (N.D. Tex.1987).

45.     Section 1024.41 of the Code of Federal Regulations - entitled "Loss mitigation procedures" - regulates loss mitigation procedures provided by <u>loan servicers</u>.[35]  Section 1024.41 does not require that a servicer "provide any borrower with any loss mitigation options."

46.     First, Plaintiff's Regulation X claim fails for the reason that Regulation X applies only to mortgage servicers and Trustee was and is the actual mortgagee under the loan and not the mortgage servicer.[36]  Trustee was and is mortgagee and not the mortgage servicer under the Loan at all materials times, a fact that is fatal to Plaintiff's RESPA claims.   See Exhibits 1 and 1-D, Appx. at p. 3 and pp. 41-45.

47.     Second, Plaintiff's Regulation X claim fails because he has obtained two prior loan modification agreements and separately because he cannot establish that he submitted a qualifying loss mitigation application more than 37 days prior to any relevant foreclosure attempt.

48.     When applicable, 12 CFR § 1024.41 specifies procedures and timing for reviewing loss mitigation applications, including requiring the servicer to notify the borrower in writing, within 30 days of receipt of a complete loss mitigation application, which loss mitigation options, if any, it will offer the borrower, or the specific reasons for denying a complete loss mitigation application. *Id.* § 1024.41(c), (d). In addition, § 1024.41(g) provides:

> If a borrower submits a <u>complete loss mitigation application</u> after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than <u>37 days before a foreclosure sale</u>, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless ... [t]he servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied[.][37]

---

[35]   See 12 CFR § 1024.41 (emphasis added).

[36]   *Christiana Trust v. Riddle*, 911 F.3d 799, 804 (5th Cir. 2018) (holding that RESPA provision in question applies only to mortgage servicers and not to the lender).

[37]   *Obazee* v. Bank of NY Mellon, 2015 WL 4602971, at *2–3 (N.D. Tex. July 31, 2015); *Id.* § 1024.41(g) (emphasis added); 12 CFR § 1024.41(g).

49.     In this instance, Plaintiff conveniently fails to mention that he obtained at least two prior loan modification agreements in 2014 and 2015 and defaulted on same, facts that are fatal to his claims.    See Appx. at p.45 and 60.  Section 1024.41 "only applies to a borrower's first loss mitigation application."[38] As evidenced by Defendant's Motion for Summary Judgment evidence, Plaintiff applied for and signed Loan Modification Agreements back in 2014 and 2015, facts that negate all of Plaintiff's Regulation X/RESPA claims since the loss mitigation issues of which Plaintiff now complains all relate to loss mitigation or loan modification attempts by Plaintiff that occurred after he obtained the prior Modification Agreements.[39] *Id.*

50.     Plaintiff's RESPA or Regulation X claims also fail because Plaintiff has not alleged facts and cannot produce evidence establishing that he or anyone on his behalf submitted a complete loss mitigation application more than 37 days prior to any attempted foreclosure sale.[40]

51.     Even if the statute in question was applicable, which it is not, Plaintiff cannot otherwise come forward with evidence supporting any violation of the statute she has referenced.

52.     Further, even if Plaintiff could potentially provide evidence of conduct that establishes that the statute is applicable and evidence of a potential violation, which he cannot, Plaintiff must plead and prove that he suffered actual damages in order to state a claim under Regulation X.[41]  Plaintiff has not and cannot do so as he continues to reside in the Property without

---

[38]  *Germain v. U.S. Bank National Association*, No. 03:15-CV-1694-M(BT), 2018 WL 1517860 at *6 (N.D. Tex. March 28, 2018); *Wenztell v. JPMorgan Chase Bank Nat'l Ass'n*, 627 Fed. Appx, 314, 318 n. 4 (5th Cir. Oct. 2, 2015); *Allen v. Wells Fargo Bank, N.A.*, No. 3:16-CV-0249-D, 2017 WL 3421067, at *3 (N.D. Tex. August 9, 2017). *Higginbotham v. IndyMac Bank, F.S.B*, No. 4:17-CV-00229, 2017 WL 2691241 at *4 (E.D. Tex. June 1, 2017) recommendation adopted by 2017 WL 2691241 (E.D. Tex. June 22, 2017); *Bobbitt v. Wells Fargo Bank, N.A.*, No. H-14-387, 2015 WL 12777378, at *3 (S.D. Tex. May 7, 2015).

[39]  *Id.*

[40]  See *Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 359 (5th Cir. 2016) (dismissing borrower's Section 1024.41 claims because she did not plead and prove that she submitted a complete loss mitigation application more than 37 days before any relevant foreclosure sale).

[41]  See *Whittier v. Ocwen Loan Servicing, LLC*, 594 F. App'x 833, 836 (5th Cir. 2014).; *Reed v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 4:16-CV-017-A, 2016 WL 1029542, at *2 (N.D. Tex. Mar. 8, 2016) citing *Obazee v. The Bank of New York Mellon*, No. 3:15-CV-1082-D, 2015 WL 4602971, at *4 (N.D. Tex. July 31, 2015).

making any payments on the Loan.  For these reasons, Plaintiff's Regulation X of RESPA claims fail under the standards applicable to summary judgment.

**E.      Plaintiff's TDCA Claims Fail.**

53.      In the Complaint, in formulaic fashion using cut and paste excerpts from other previously filed complaints, Plaintiff references the TDCA as codified under Section 392 of the Texas Finance Code. See Complaint at ¶¶ 53-56.

54.      Plaintiff references Texas Finance Code Sections 392.301(a)(7)- threatening that nonpayment of a consumer debt would result in the seizure, repossession of sale of his property without proper court proceedings, 392.301(a)(8)-threatening to take an action prohibited by law, 392.304(a)(8)-misrepresenting the character, extent or amount of a consumer debt, or misrepresenting the consumer's debt status in a judicial or governmental proceeding, and 392.304(a)(19)- using other false representations or deceptive means to collect a debt.

55.      However, Plaintiff fails to allege or prove when, how or by whom any such violations or representations were made, deficiencies which are fatal to such claims.[42]

56.      In order to establish a claim under the TDCA, Plaintiff must plead and show that: (1) the debt at issue is a consumer debt; (2) Defendant is a debt collector within the meaning of the TDCA; (3) Defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against Plaintiff; and (5) Plaintiff was injured as a result of Defendant's wrongful act.[43]

---

[42]   *Austin v. Bank of New York Mellon as Tr. for CWABS, Inc. Asset Backed Certificates, Series 2003-BC4,* No. 4:19-CV-00457-O-BP, 2020 WL 806953, at *7 (N.D. Tex. Feb. 3, 2020), report and recommendation adopted, No. 4:19-CV-00457-O-BP, 2020 WL 774371 (N.D. Tex. Feb. 18, 2020) (dismissing almost identical TDCA claims in a complaint filed by the same attorney as in this matter based on pleading deficiencies).
[43]   *Sgroe v. Wells Fargo Bank, N.A.,* 941 F.Supp.2d 731, 748 (E.D.Tex.2013).

57.     A recitation of the statutory elements of TDCA claims without reference to facts that would support a violation fails to state a claim under the TDCA.[44]  Plaintiff's TDCA claims fail based on the pleadings alone since the claims are nothing more than a partial formulaic recitation of the elements of TDCA claims.

58.     Defendant submits that there is no summary judgment evidence establishing that Defendant violated the provisions of the TDCA complained of by Plaintiff.

59.      Plaintiff's TDCA factual allegations are vague and unintelligible but reference the same allegations relating to notice of default by which he attempts to support his claim for breach of contract.   However, as stated, Defendant has provided notice of default to Borrower prior to the litigation and to Borrower and his counsel during this litigation. See Appx. at p.2-3, 66 and 80.

60.     Regardless, it is relevant to note that although no foreclosure sale is alleged or has occurred, the act of foreclosure is not a violation of the Texas Debt Collection Act.  The TDCA does not prevent an alleged debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings."[45]

61.     Additionally, Plaintiff cannot state or prove a TDCA violation because it "does not apply to debt collectors who are 'exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings.'"[46]

62.     The Fifth Circuit has held that, "'irrespective of any statutory notice requirements, 'the threat to foreclose does not violate the TDCA so long as the debt collector has not 'waived its

---

[44]   See *Richardson v. Deutsche Bank Nat'l Trust Co.*, No. 4:11-CV-0180, 2011 WL 5994317, at *7 (N. D. Tex. Nov.28, 2011) (dismissing TDCA claim based on the pleadings for mere formulaic recitation of elements without factual allegations to support same).

[45]   Tex. Fin. Code § 392.301(b)(3); *Sweet v. Wachovia Bank and Trust Company,* No. 3:03–CV–1212–R, 2004 WL 1238180, at *3 (N.D. Tex. Feb. 26, 2004); *O'Neill v. CitiMortgage, Inc.*, No. 413-CV-656-O, 2014 WL 1199338, at *4 (N.D. Tex. Mar. 24, 2014).

[46]   *Byrd v. Lakeview Loan Servicing, L.L.C.*, 855 F. App'x 187, 191 (5th Cir. 2021) (quoting TEX. FIN. CODE § 292.31(b)(3)).

contractual right to foreclose.'"[47] In other words, "so long as such a 'contractual right' has not been waived, the TDCA is not violated by failing to comply with relevant notice requirements in failing to exercise the right."[48]  Plaintiff does not dispute that he is in default on his payment obligations under the Loan and does not contend or prove that Defendant has waived its right to foreclose.

63.     To the extent Plaintiff is attempting to allege or prove a TDCA violation based on his attempts to secure a loan modification agreement, the Fifth Circuit has held that communications in connection with the renegotiation of a loan do not concern the collection of a debt but, instead, relate to its modification and thus they do not state a claim under the TDCA.[49]

64.     Finally, Plaintiff does not dispute his contractual mortgage defaults and cannot present evidence of any damages resulting from any alleged violation of the TDCA that was caused by Defendant since no foreclosure sale has occurred.  Plaintiff has not and cannot establish damages to support any TDCA claim as he remains in the Property without making the contractually required payments.  See Exhibit 1, Appx. p.3.

65.     Plaintiff has not and cannot come forward with any evidence to support any alleged violation of the TDCA, or that Plaintiff was damaged as a result of any violation by Defendant.

66.     Plaintiff does not dispute his contractual mortgage defaults with any competent summary judgment evidence and cannot present evidence establishing any misleading act or actional misrepresentation, or any damages resulting from any alleged violation of the TDCA that

---

[47]   *Id.* (quoting *Rucker v. Bank of America, N.A.*, 806 F.3d 828 (5th Cir. 2015)
[48]   *Gates v. Carrington Mortgage Services*, No. 3:21-cv-508-E-BN, 2021 WL 5569751, at *6 (N.D. Tex. Nov. 10, 2021 citing *Byrd*, 855 F. App'x. at 191-192.
[49]   *See Thompson v. Bank of America, N.A.*, 783 F.3d 1022, 1027 (5th Cir. 2015).

was caused by Defendant.  For these multiple and alternative reasons, Plaintiff's attempted claim for violations of the TDCA fail.

### F.     Plaintiff Cannot Prove Damages Under Any Theory Alleged.

67.     Plaintiff has not and cannot prove damages under any cause of action asserted. Rather than pay his now substantial mortgage arrearages or the accelerated loan balance, Plaintiff has elected to pursue legally unavailable claims in order to attempt to remain in the collateral for as long as possible.  Accordingly, and in the alternative, Plaintiff's claims all fail because he has not been damaged by any act or omission by Defendant and there is certainly no evidence of damages to support any claim.

### G.     Plaintiff's Claim for Injunctive Relief Fails.

68.     To obtain injunctive relief, a plaintiff is required to plead and prove, inter alia, a substantial likelihood of success on the merits.[50]  Under Texas law, a request for injunctive relief, absent a cause of action supporting entry of a judgment, is fatally defective and does not state a claim.[51]  As shown above, Plaintiff has not stated a plausible claim for which he is entitled to relief against Defendants. Because Plaintiff cannot prevail on any other claim against Defendant, Plaintiff's request for injunctive relief should likewise be dismissed.

---

[50]   *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860 at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.,* 81 F.3d 597, 600 (5th Cir. 1996))*; Holloway v. Wells Fargo Bank, N.A.*, 2013 WL 1187156 (N.D. Tex. Feb. 26, 2013).

[51]   *See Hill v. Wells Fargo Bank, N.A.,* 2012 WL 2065377, at *10 3 (S.D. Tex. June 6, 2012) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002)); s*ee also Puig v. Citibank, N.A.*, No. 3:11-CV-0270-L, 2012 WL 1835721, at *17 (N.D. Tex. May 21, 2012) (stating that parties are not entitled to injunctive relief where "the court has dismissed each of their claims as a matter of law").

**H.      Defendant is Entitled to Judgment Authorizing Foreclosure and a Declaration of its Right to Same.**

69.      Defendant is entitled to foreclose on the Property since Plaintiff defaulted on his contractual payment obligations, remains in default, and Defendant has complied with all prerequisites to foreclosure.   The summary judgment evidence establishes that:

(a)      a debt exists (*see* Appx. pp. 1-4, 6 and 10);

(b)      the debt is secured by a lien created under Tex. Const. art. XVI, §50a(6) for a home equity loan (Appx. p.6 and 33);

(c)      a default under the Deed of Trust exists (Exhibit 1, Appx. 1-4);

(d)      the requisite notices to cure the default under the Deed of Trust, Tex. Prop. Code §51.002 and other applicable law have been provided and the payment obligations have been accelerated (Appx. 1-4, 66, 80 and 83); and

(e)      Plaintiff is not a member of the National Guard or United States Military and has not applied for relief under the provisions of the Soldier's and Sailor's Relief Act of 1940 (Appx. p. 89).

70.      "Under Texas law, lenders have a substantive right to elect judicial or non-judicial foreclosure in the event of a default."[52]   "When, as in this case, the security instrument in a home-equity loan contains a power of sale provision, the lender has a choice of remedies."[53]   "Under these circumstances, the lender may (1) choose to file a claim for judicial foreclosure, Tex. R. Civ. P. 735.3, (2) file a claim for judicial foreclosure as a counterclaim in a suit initiated by the borrower, or (3) pursue a non-judicial foreclosure, or 'Expedited Foreclosure Proceeding' based on the power of sale in the security instrument.[54]

---

[52]   *Douglas v. NCNB Texas Nat. Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992).

[53]   *Turner v. CitiFinancial Servicing, LLC*, 1:16-CV-156, 2017 WL 2544492, at *8 (E.D. Tex. May 18, 2017), *report and recommendation adopted*, 1:16-CV-156, 2017 WL 2537545 (E.D. Tex. June 9, 2017) (citing *Deutsche Bank Nat. Trust Co. v. Ra Surasak Ketmayura*, No. A-14-CV-00931-LY-ML, 2015 WL 3899050, at *2–3 (W.D. Tex. June 11, 2015).

[54]   Tex. R. Civ. P. 736." *Id.* (citing *Ra Surasak Ketmayura*, 2015 WL 3899050, at *2–3).

71.     To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) the borrower is in default under the note and security instrument; and (4) notice of default and intent to accelerate has been send and the payment obligations under the note have been accelerated."[55]

72.     Pursuant to the terms and conditions of the Note, the entire unpaid balance under the Note is now due and payable.   A debt exists and the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution.   Appx. pp. 1-4, 6 and 10.   Notice of Default and Intent to Accelerate has been provided to Borrower in accordance with Texas law and the terms of the Deed of Trust.  See Appx. 1-4, 66, and 83.   The payment obligations under the Loan were accelerated both by the filing of the Application for an Expedited Order Under Rule 736 on January 22, 2019 and again by the filing of Defendant's Counterclaims in this action seeking judgment authorizing foreclosure. See Appx. at p.76 and 83.[56]

73.     Borrower is not currently on active duty in any branch of the military.  See Appx at p. 89.  The amount required to pay the accelerated loan balance as of September 28, 2022, is or will be $587,582.25.  See Appx. 86. Per diem interest will continue to accrue following September 28, 2022 at a rate of $46.98 per day.   *Id.*   Borrower remains in default on his payment obligations

---

[55]   See *Khoung v. Wilmington Sav. Fund Soc'y, FSB*, No. 417CV00494ALMCAN, 2018 WL 4608603, at *7 (E.D. Tex. Sept. 7, 2018), report and recommendation adopted, No. 4:17-CV-494, 2018 WL 4599551 (E.D. Tex. Sept. 25, 2018) citing *Frank v. OneWest Bank, FSB*, No. 4:12CV424, 2014 WL 12564092, at *8–10 (E.D. Tex. Aug. 15, 2014); *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (citing Tex. Prop. Code § 51.002), *see also Austin v. Countrywide Homes Loans*, 261 S.W.3d 68, 72 (Tex. App.–Houston [1st Dist.] 2008, no pet.).

[56]   *See Alcala v. Deutsche Bank Nat'l Tr. Co. for Long Beach Mortg. Loan Tr. 2006-5*, 684 F. App'x 436, 438–39 (5th Cir. 2017) citing *Burney v. Citigroup Glob. Mkts. Realty Corp.*, 244 S.W.3d 900, 903–04 (Tex. App.–Dallas 2008, no pet.) (holding that after the requisite notice of intent is provided, notice of acceleration may take the form of the filing of an action for foreclosure).

under the Loan.  See Appx. at p.3. The foregoing evidence establishes Defendant's right to an order authorizing foreclosure of the subject Texas Home Equity lien.

## **CONCLUSION**

74.     For the foregoing reasons, this Court should grant Defendant's Motion for Summary Judgment, dismissing all claims of Plaintiff and grant judgment authorizing and declaring Defendant's right to foreclose in compliance with the terms of the subject Loan and the applicable provisions of the Texas Property Code relating to notice of foreclosure.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff's claims against Defendant be dismissed with prejudice, that Defendant be awarded judgment and a declaration of its right to foreclose, and that Defendant recover such further relief to which this Court deems it to be justly entitled.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
　　Michael F. Hord Jr.
　　State Bar No. 00784294
　　Federal I.D. No. 16035
　　Eric C. Mettenbrink
　　State Bar No. 24043819
　　Federal I.D. No. 569887
　　HIRSCH & WESTHEIMER, P.C.
　　1415 Louisiana, 36th Floor
　　Houston, Texas  77002-2772
　　713-220-9182 Telephone
　　713-223-9319 Facsimile
　　E-mail: mhord@hirschwest.com
　　Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT/
COUNTERCLAIMANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of September, 2022, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in accordance with Federal Rule of Civil Procedure 5(b) as follows:

John G. Helstowski
J. Gannon Helstowski Law Firm
5209 Heritage Avenue, Suite 510
Colleyville, Texas 76034
**Via ECF**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.

23