IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO GIBSON<br>  Plaintiff | § § § | |
| VS. | § § | C.A. NO. 3:21-cv-2210-G-BT |
| U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF LSF9 MASTER PARTICIPATION TRUST<br>  Defendant | § § § § § § § | |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Defendant, U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee of LSF9 Master Participation Trust ("**Trustee**" or "**Defendant**") files this Reply Brief in Support of Defendant's Motion for Summary Judgment on all claims of Plaintiff, Antonio Gibson ("**Plaintiff**" or the "**Borrower**") and on Defendant's Counterclaims seeking judgment authorizing foreclosure and would respectfully show unto the Court as follows:

### NATURE AND STAGE OF PROCEEDING

1.      This matter involves a first lien Texas Home Equity Loan provided to Plaintiff that is past due for the January 1, 2017 payment and all subsequent payments. Plaintiff filed this action on September 1, 2021 in state court to delay foreclosure by Defendant.[1]

2.      Defendant filed an answer in state court and then removed the case to this Court based on both federal question and diversity jurisdiction on September 16, 2021.[2] Defendant filed its Answer in state court[3] and its Counterclaims in this Court on November 2, 2021 after obtaining

---

[1]   See Original Petition (the "Complaint") at Clerk's File at Doc. No. 1-4.
[2]   See Notice of Removal, Clerk's File at Dkt. 1.
[3]   See Dkt. 1-5.

1

leave of Court.[4]  Defendant filed its Motion for Summary Judgment on September 15, 2022.[5]  After obtaining an extension, Plaintiff filed his Response to Defendant's Motion on October 20, 2022.[6]

3. Based on the state of the record, Plaintiff's claims fail and Defendant is entitled to judgment authorizing foreclosure of its lien under the standards applicable to summary judgment.

## DISCUSSION

### A. Plaintiff's Breach of Contract Claim Fails.

4. Plaintiff's breach of contract claim is predicated upon an allegation that Defendant breached the Deed of Trust by failing to provide Notice of Default and an Opportunity to Cure thirty days before accelerating the Loan and posting the property for foreclosure.  See Complaint at ¶¶ 47-48.  To the contrary, the summary judgment evidence establishes that that on September 20, 2016, while Plaintiff was in default on his contractual payment obligations under the Loan, written notice of default and intent to accelerate was sent to Plaintiff via certified mail at his last known address according to the records of the lender.  See Appx. at p. 2 and 66.  Additionally, to resolve any doubt, Defendant sent a subsequent Notice of Default during this litigation to Borrower and his counsel on May 25, 2022.  See Appx. p. 3 and 80.

5. Plaintiff, who refuses to make any loan payments while he resides in the collateral for years now, references new allegations not included in his Complaint, attempting to challenge the amount of the balance due under the Loan.  Although these claims are not before the Court and therefore not specifically referenced in Defendant's Motion, it is relevant to note that out of caution Defendant provided Plaintiff and his counsel with a new Notice of Default on May 25, 2022 during this litigation.  This Notice of Default again stated the then amount required to cure the default and

---

[4] See Dkt. 13.
[5] See Dkt. 30-32
[6] See Dkt. 35.

stated that the payments obligations would be accelerated if the default was not cured. As Plaintiff does not dispute, the default was not cured and the payment obligations under the Loan were again legally accelerated by written notice on July 29, 2022. Plaintiff has not and cannot truthfully allege that he attempted to make any relevant payments and has come forward with no evidence establishing that any payments were not properly applied to the balance due under the Loan, or that the balance stated in the May 2022 Notice of Default provided to him and his counsel was in any way incorrect.

6.   Plaintiff now contends in his Response that Defendant's summary judgement evidence establishes a fact issue on the amount of the default by referencing a 2016 Notice of Default attached to Defendant's Motion. Although this allegation is not included in the Complaint and is unclear as currently asserted in the Response, such references by Plaintiff creates no fact issue even if these new allegations were to be entertained by the Court. This is so because, among other reasons, Defendant sent a new Notice of Default in May of 2022 to both Plaintiff and his counsel and Plaintiff once again failed to cure the default. Plaintiff does not deny receiving the May 2022 Notice of Default and his failure to receive "notice of default" is the sole basis of his breach of contract claim in his Complaint. Although actual receipt of such notice is not legally required under Texas law, Plaintiff does not and cannot dispute that both he and his counsel received the May 2022 Notice of Default. Additionally, the past due amount is clearly stated in the 2022 Notice of Default. Plaintiff has not come forward with any evidence that the amount is incorrect, that he attempted to tender or pay any amounts or that the payment obligations under the Loan were not properly accelerated following his failure to cure.

7.   Additionally, in terms of his affirmative claims for relief, Plaintiff has not and cannot prove any breach of any actual written contract, or that he has been damaged by any act or

omission of Defendant as he continues to reside in the subject collateral while making no loan payments and thus his contract claim fails for this additional reason.

8. Further, as established, to the extent Plaintiff is attempting to establish some unspecified contract based on oral representations, such claims are precluded by the statute of frauds.[7]

9. For these multiple and alternative reasons, Plaintiff's breach of contract claim fails.

**B.     Plaintiff's Fraud Claim Fails.**

10. Plaintiff does not dispute that he is in default on his payment obligations, but alleges that some unspecified person on an unspecified date promised to provide him yet another loan modification agreement. See Complaint at ¶51. In addition to failing based on Rule 9(b) and other legal grounds, the claim fails because there has been no foreclosure sale and is thus there is no evidence of damages to support any fraud claim.

11. If necessary, Defendant has established that Plaintiff's fraud claim otherwise fails because the alleged representations relate to the terms of the written contract and are governed by the written terms of the contract per the economic loss rule.[8]

12. Further, as established in Defendant's Motion, any alleged promises by Defendant relating to loss mitigation or a loan modification, which are expressly denied, cannot otherwise support a fraud claim since they necessarily would have related to an alleged promise of a future

---

[7] See Tex. Bus. & Com. Code Ann. § 26.02(a)(2) (requiring a writing for loan agreements involving loans of $50,000 or more); see also Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249, 256 (5th Cir. 2013) (holding that the statute of frauds applies to oral modifications to loan agreements); Kiper v. BAC Home Loans Servicing, LP, 884 F.Supp.2d 561, 571 (S.D. Tex. 2012).

[8] DeFranceschi v. Wells Fargo Bank, N.A., 837 F. Supp. 2d 616, 625-26 (N.D. Tex. 2011); Farshchi v. Wells Fargo Bank, N.A., No. CV H-15-1692, 2016 WL 2858903, at *7 (S.D. Tex. May 13, 2016); Clark v. Bank of America NA, Civ. Action No., 2012 WL 4793465, at *5 (N.D. Tex. Aug. 1, 2012) (citing Southwestern Bell Telephone Co. v. DeLanney, 809 S.W.2d 493, 494 (Tex. 1991)) (recovery in tort precluded for allegations relating to a party's failure to perform under a contract).

act and Plaintiff cannot present evidence that Defendant made promises of future conduct with the intention, design and purpose of deceiving Plaintiff.[9]

13. Further, any potential fraud claims by Plaintiff based on any oral representations fail based on the statute of frauds.[10] Application of the statute of frauds to a contract vitiates a fraud claim based on the same facts.[11] If the alleged fraudulent representations were purely promissory, a tort claim is barred by the statute of frauds; if the representations were factual, the plaintiff may seek recovery under a tort theory where evidence supports such a claim.[12]

14. Accordingly, Plaintiff's fraud claim fails based on the pleadings and due to the alternative reasons discussed above and in Defendant's Motion, including the lack of any evidence of the essential elements of fraud and the lack of any evidence of damages.

    **C.**    **Plaintiff's Regulation X/RESPA Claims Fail.**

15. Plaintiff's RESPA claim purportedly refers to 12 CFR § 1024.41 ("Regulation X" of RESPA) which relates to certain qualifying loss mitigation or loan modification requests made by a borrower to a mortgage servicer.

16. As established in Defendant's Motion, Plaintiff's claims in this regard fail because Regulation X applies only to mortgage servicers and Trustee was and is the actual mortgagee under the loan and not the mortgage servicer.[13] See Exhibits 1 and 1-D, Appx. at p. 3 and pp. 41-45. Plaintiff has not addressed this issue in his Response and Plaintiff's Regulation X/RESPA claims fail on this basis alone.

---

[9] See *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x at 246.
[10] See *Haase v. Glazner,* 62 S.W.3d 795, 799 (Tex. 2001).
[11] See *Traynor v. Chase Home Finance, LLC,* No. 3:11–cv–800–K, 2013 WL 704932, at *3 (N.D. Tex. Feb. 27, 2013) (citing *Collins v. Allied Pharmacy Mgmt., Inc.,* 871 S.W.2d 929, 936 (Tex. App.–Houston [14th Dist.] 1994)).
[12] See *McClure v. Duggan,* 674 F. Supp. 211, 221 (N.D. Tex.1987).
[13] *Christiana Trust v. Riddle*, 911 F.3d 799, 804 (5th Cir. 2018) (holding that RESPA provision in question applies only to mortgage servicers and not to the lender).

17. If necessary, Plaintiff's Regulation X claims also fail for the multiple reasons stated in Defendant's Motion, including the lack of any evidence of damages, as Plaintiff continues to reside in the subject collateral without making any payment.

### D. Plaintiff's TDCA Claims Fail.

18. As established in Defendant's Motion Plaintiff's TDCA claims are nothing more than a recitation of the elements and cut and paste excerpts from other previously filed complaints,

19. Plaintiff's TDCA claims fail for the multiple reasons set forth in Defendant's Motion and because the record contains no evidence of a TDCA violation by Defendant. Additionally, Plaintiff has not come forward with evidence of damages to support any TDCA claim.

### E. Plaintiff Cannot Prove Damages Under Any Theory Alleged.

20. Plaintiff has not and cannot prove damages under any cause of action asserted. Rather than pay his now substantial mortgage arrearages or the accelerated loan balance, Plaintiff has elected to pursue legally unavailable claims in order to attempt to remain in the collateral for as long as possible.  Accordingly, and in the alternative, Plaintiff's claims all fail because he has not been damaged by any act or omission by Defendant and there is certainly no evidence of damages to support any claim.

### F. Defendant Has Established its Right to Judgment Authorizing Foreclosure and a Declaration of its Right to Same.

21. Defendant is entitled to foreclose on the Property since Plaintiff defaulted on his contractual payment obligations, remains in default, and Defendant has complied with all prerequisites to foreclosure.

22. To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, §

6

50(a)(6) of the Texas Constitution; (3) the borrower is in default under the note and security instrument; and (4) notice of default and intent to accelerate has been send and the payment obligations under the note have been accelerated."[14]

23. Notice of Default and Intent to Accelerate has been provided to Borrower in accordance with Texas law and the terms of the Deed of Trust on both September 20, 2016 and again during this litigation on May 25, 2022. See Appx. 1-4, 66, and 80. The payment obligations under the Loan were accelerated both by the filing of the Application for an Expedited Order Under Rule 736 on January 22, 2019 and again by the filing of Defendant's Counterclaims in this action seeking judgment authorizing foreclosure. See Appx. at pp. 2-3 and 76.[15] If necessary, and out of caution, Defendant has also sent Borrower and his counsel a more recent Notice of Acceleration on July 29, 2022 during this litigation at a time when the payment obligations under the Loan remained in default. See Appx. at p. 3 and 83.

24. Plaintiff has not come forward with any evidence that disputes the above established evidence submitted by Defendant establishing a right to foreclosure and Defendant has established its right to judgment authorizing foreclosure of the subject Texas Home Equity lien.

---

[14] See *Khoung v. Wilmington Sav. Fund Soc'y, FSB*, No. 417CV00494ALMCAN, 2018 WL 4608603, at *7 (E.D. Tex. Sept. 7, 2018), report and recommendation adopted, No. 4:17-CV-494, 2018 WL 4599551 (E.D. Tex. Sept. 25, 2018) citing *Frank v. OneWest Bank, FSB*, No. 4:12CV424, 2014 WL 12564092, at *8–10 (E.D. Tex. Aug. 15, 2014); *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (citing Tex. Prop. Code § 51.002), *see also Austin v. Countrywide Homes Loans*, 261 S.W.3d 68, 72 (Tex. App.–Houston [1st Dist.] 2008, no pet.).

[15] *See Alcala v. Deutsche Bank Nat'l Tr. Co. for Long Beach Mortg. Loan Tr. 2006-5*, 684 F. App'x 436, 438–39 (5th Cir. 2017) citing *Burney v. Citigroup Glob. Mkts. Realty Corp.*, 244 S.W.3d 900, 903–04 (Tex. App.–Dallas 2008, no pet.) (holding that after the requisite notice of intent is provided, notice of acceleration may take the form of the filing of an action for foreclosure).

20170194.20210566/4430112.1

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff's claims against Defendant be dismissed with prejudice, that Defendant be awarded judgment and a declaration of its right to foreclose, and that Defendant recover such further relief to which this Court deems it to be justly entitled.

    Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas  77002-2772
    713-220-9182 Telephone
    713-223-9319 Facsimile
    Email:  mhord@hirschwest.com
    Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT/ COUNTERCLAIMANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 24th day of October, 2022, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in accordance with Federal Rule of Civil Procedure 5(b) as follows:

John G. Helstowski
J. Gannon Helstowski Law Firm
5209 Heritage Avenue, Suite 510
Colleyville, Texas 76034
**Via ECF**

                                      /s/ Michael F. Hord Jr.
                                      Michael F. Hord Jr.

20170194.20210566/4430112.1